**JAN M. BENNETTS**
ADA COUNTY PROSECUTING ATTORNEY

**DAYTON P. REED**
Deputy Prosecuting Attorney
Civil Division
200 W. Front Street, Room 3191
Boise, ID  83702
Telephone:  (208) 287-7700
Facsimile:  (208) 287-7719
Idaho State Bar No. 10775
Email: civilpafiles@adacounty.id.gov

*Attorney for Ada County Prosecuting Attorney Jan M. Bennetts*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO FEDERATION OF TEACHERS et al.,<br><br>                Plaintiffs,<br><br>v.<br><br>RAÚL LABRADOR, in his official capacity as Attorney General of the State of Idaho, et al.,<br><br>              Defendants. | **Case No. 1:23-cv-353-DCN**<br><br>**MEMORANDUM IN SUPPORT OF ADA COUNTY PROSECUTING ATTORNEY JAN M. BENNETTS' MOTION TO DISMISS** |

Jan M. Bennetts, Ada County Prosecuting Attorney, should not be a defendant in a lawsuit challenging a state law when the Plaintiffs make no allegation that she has enforced or threatened to enforce that law, and when it was the State Legislature that passed the law, not Ada County. Suing Prosecutor Bennetts here violates the legal principles of standing, ripeness, causation, and redressability. It also violates the important considerations of fairness and judicial economy. Ada County taxpayers should not have to bear a double burden in this lawsuit—once via the Attorney

MEMORANDUM IN SUPPORT OF ADA COUNTY PROSECUTING ATTORNEY JAN M. BENNETTS' MOTION TO DISMISS– PAGE 1

General's Office, and again via the Ada County Prosecutor's Office—when Plaintiffs' requested relief is available without Prosecutor Bennetts as a defendant.

## I.   BACKGROUND

During the 2021 legislative session, the No Public Funds for Abortion Act—printed as House Bill 220—was introduced in the Idaho House of Representatives and worked its way through the House State Affairs Committee, to ultimately be sent to the House floor, debated, and voted upon. Upon passing the House, House Bill 220 was then sent to the Idaho Senate, where it worked its way through the Senate State Affairs Committee and the Committee of the Whole where it was deliberated, amended, and ultimately sent to the Senate floor, debated, and voted upon. Upon passing the Senate, House Bill 220 was then sent back to the House of Representatives, which concurred with the amendments and ultimately voted to pass House Bill 220 as amended. It was then sent it to the Governor of Idaho, who signed it into law.[1] The law has been in effect for over two years.

The Idaho Legislature is vested with power to promulgate statewide legislation and has membership elected from across the state. Idaho Const. art. III. Ada County—a constitutionally and statutorily created governmental subdivision with officers elected by citizens only within its own boundaries, Idaho Const. art. XVIII; Idaho Code § 31–103—has no power to introduce, debate, amend, and vote upon statewide legislation like House Bill 220.

Among the statutes promulgated by House Bill 220 is Idaho Code § 18–8705, which Plaintiffs challenge as facially unconstitutional. They argue that Section 18–8705 is a "content-based, and viewpoint-based restriction on academic speech," and that its text "is unconstitutionally

---

[1] The bill's history is available on the Idaho Legislature's official website, at https://legislature.idaho.gov/sessioninfo/2021/legislation/H0220/  (last visited Oct. 10, 2023).

vague on its face." (Dkt. 1, ¶¶ 106, 109.) Plaintiffs make allegations throughout their complaint of the Legislature's actions in passing and failing to amend Section 18–8705, of how Section 18–8705 affects them, and of how they have changed their behavior as a result of the statute's existence and guidance about the statute from non-party individuals at various Idaho universities.

But Plaintiffs make no such allegations against Prosecutor Bennetts or Ada County, and they make no allegation that Prosecutor Bennetts or anyone in her office has brought charges or even threatened to initiate proceedings under Section 18–8705, even though it has been in effect for over two years. In fact, Plaintiffs' complaint is devoid of any allegation that Prosecutor Bennetts has taken any action at all. The only factual allegations about Prosecutor Bennetts or Ada County are that (1) Defendant Jan M. Bennetts is the Ada County Prosecuting Attorney; (2) Boise State University happens to be located in Ada County; and (3) that Prosecutor Bennetts did not respond to a letter from the ACLU asking her to promise, in a vacuum, that she would not bring a prosecution in a broad range of vague, hypothetical situations. (Dkt. 1,¶¶ 25, 55.)

## II.  STANDARD

### A.  12(b)(1)

Standing and ripeness are both challenged through Federal Rule of Civil Procedure 12(b)(1). *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). This motion is brought as a facial attack, and as this Court has succinctly explained,

> A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may challenge jurisdiction either on the face of the pleadings or by presenting extrinsic evidence for the court's consideration. Where, as here, an attack is facial, the court confines its inquiry to allegations in the complaint.

> When ruling on a facial jurisdictional attack, courts must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party. However, the plaintiff bears the burden of alleging facts that are legally sufficient to invoke the court's jurisdiction.

*Health Freedom Def. Fund, Inc. v. City of Hailey, Idaho*, 590 F. Supp. 3d 1253, 1261–62 (D. Idaho 2022) (cleaned up).

"A lack of jurisdiction is presumed unless the party asserting jurisdiction establishes it exists." *Coy v. Ada Cnty.*, No. 1:23-CV-00144-AKB, 2023 WL 6623633, at *1 (D. Idaho Oct. 10, 2023) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

## B. 12(b)(6)

This Court has also succinctly explained the standard under Federal Rule of Civil Procedure 12(b)(6):

> Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim if the plaintiff has failed to state a claim upon which relief can be granted. A Rule 12(b)(6) dismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. In deciding whether to grant a motion to dismiss, the court must accept as true all well-pleaded factual allegations made in the pleading under attack. A court is not, however, required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.

*Fitzpatrick v. Little*, No. 1:22-CV-00162-DCN, 2023 WL 129815, at *2 (D. Idaho Jan. 9, 2023) (cleaned up).

## III.   ARGUMENT

### A. Plaintiffs lack standing to bring a pre-enforcement challenge to a state statute by suing Prosecutor Bennetts—against whom they've made no allegations of enforcement or threat of enforcement.

Plaintiffs lack standing to sue Prosecutor Bennetts because they do not allege that they will suffer any actual, imminent injury in fact through prosecution under Section 18–8705 by Prosecutor Bennetts; they do not trace any threatened injury to Prosecutor Bennetts' actions; and relief against Prosecutor Bennetts would not redress the source of their injury—the statute itself.

Federal courts have the constitutional power to adjudicate only genuine "Cases" and "Controversies" under Article III, § 2; exercising that power requires that litigants have standing. *California v. Texas*, 141 S. Ct. 2104, 2113 (2021). To have standing to sue Prosecutor Bennetts, Plaintiffs must satisfy four elements: (1) Plaintiff is under threat of suffering "injury in fact" that is concrete and particularized; (2) the threat must be actual and imminent, not conjectural or hypothetical; (3) it must be fairly traceable to the challenged action of Prosecutor Bennetts; and (4) it must be likely that a favorable judicial decision will prevent or redress the injury. *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009).

Plaintiffs are required to clearly allege facts demonstrating each element of standing to avoid dismissal. *Twitter, Inc. v. Paxton*, 56 F.4th 1170, 1175 (9th Cir. 2022) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)).

Standing and ripeness will be discussed together to show that the Court lacks jurisdiction over a claim against Prosecutor Bennetts. Ripeness is a question of timing that merges almost completely with standing. *Unified Data Servs., LLC v. Fed. Trade Comm'n*, 39 F.4th 1200, 1210 (9th Cir. 2022). The lack of *any* allegation that Prosecutor Bennetts had taken *any* action before the complaint was filed on August 8, 2023 is important to the question of the Court's jurisdiction. Standing and ripeness are determined by "the facts as they exist when the complaint is filed." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 569 n. 4 (1992); *Yamada v. Snipes*, 786 F.3d 1182, 1203–04 (9th Cir. 2015).

1. **Plaintiffs are not under actual, imminent threat of suffering a concrete and particularized "injury in fact" through prosecution under Section 18–8705 by Prosecutor Bennetts. (*Summers* elements (1) and (2).)**

Because Plaintiffs seek judicial intervention before Section 18–8705 has been enforced against them, they bear the burden of alleging a genuine, credible threat of imminent prosecution

by the Ada County Prosecutor's Office, analyzed through four factors: (a) whether the plaintiffs have articulated a concrete plan to violate the law in question, (b) whether the Ada County Prosecutor's Office has communicated a specific warning or threat to initiate proceedings, (c) the history of past prosecution or enforcement under the challenged statute, and (d) whether the challenged law is inapplicable to the plaintiffs, either by its terms or as interpreted by the government. *Unified Data Servs.*, 39 F.4th at 1210 (citing *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 161 (2014); *Lopez v. Candaele*, 630 F.3d 775, 786 (9th Cir. 2010)). No factor weighs in Plaintiffs' favor.

> **a. It is not clear that any Plaintiff has articulated a concrete plan to violate Section 18–8705 in Ada County.  (*Unified Data Servs.* factors (a) and (d).)**

Plaintiffs allege that they have changed their behavior as a result of Section 18–8705's existence, but it is not clear that the actions they desire to take would violate the statute. Plaintiffs' allegations do not clearly state that they desire or intend to promote or counsel in favor of abortion using public funds.[2] They do allege that they fear that their actions might be construed as doing such, but they do not allege that this fear is a result of any action from Prosecutor Bennetts or Ada County. No Plaintiff—not even Professor Witt—has alleged an intent to violate Section 18–8705 in Ada County,[3] the only county in which Prosecutor Bennetts could possibly initiate criminal

---

[2] *See W. Min. Council v. Watt*, 643 F.2d 618, 626 (9th Cir. 1981) ("The alleged inability of plaintiffs to mine their claims and do their assessment work appears to be the result of fears of prosecution based on their own patently erroneous interpretation of the Act. Plaintiffs cannot, however, create a justiciable case or controversy simply by misreading statutes and claiming as injury fears born of their own error.").

[3] Although Professor Witt teaches at Boise State University, the allegations in the complaint are insufficient to establish that the actions she desires to engage in would be done in Ada County, as opposed to, for example, in the context of an online course from another location. "The liberal reading accorded complaints on 12(b)(6) motions is, moreover, subject to the requirement that the facts demonstrating standing must be clearly alleged in the complaint. . . . We cannot construe the
(cont.)

proceedings. This factor does not appear to clearly weigh in Plaintiffs' favor vis-à-vis Prosecutor Bennetts or Ada County.

> **b.  Plaintiffs have not alleged that Prosecutor Bennetts or Ada County has communicated a specific warning or threat to initiate proceedings. (*Unified Data Servs.* factor (b).)**

Plaintiffs "cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013). "[N]either the mere existence of a proscriptive statute nor a generalized threat of prosecution satisfies the 'case or controversy' requirement." *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000). Plaintiffs must allege a genuine, credible threat of imminent prosecution by the Ada County Prosecutor's Office. *Unified Data Servs*, 39 F.4th at 1210; *Lopez*, 630 F.3d at 785. But they have not alleged that Prosecutor Bennetts or anyone in her Office has ever threatened anyone with enforcement under Section 18–8705, let alone the Plaintiffs themselves.

To have standing against Prosecutor Bennetts, Plaintiffs need to assert an injury that is the result of Section 18–8705's actual or threatened *enforcement*, not the mere existence of its language; Plaintiffs have no standing to sue Prosecutor Bennetts when they allege against her "no action—actual or threatened—whatsoever." *California*, 141 S. Ct. at 2115 (2021). To have standing in a pre-enforcement, First Amendment challenge, Plaintiffs are required to allege "a credible threat of prosecution" under Section 18–8705. *Lopez*, 630 F.3d at 785. *See also W. Min. Council*, 643 F.2d at 624 ("To satisfy the standing requirement, plaintiffs must allege some threatened or actual injury resulting from the application of the statute to them.").

---

complaint so liberally as to extend our jurisdiction beyond its constitutional limits." *W. Min. Council*, 643 F.2d at 624 (citations omitted).

MEMORANDUM IN SUPPORT OF ADA COUNTY PROSECUTING ATTORNEY JAN M. BENNETTS' MOTION TO DISMISS– PAGE 7

Plaintiffs allege that their fears arise from the mere existence of Section 18–8705, *not* from any threat or warning from Prosecutor Bennetts or Ada County. (*E.g.*, dkt. 1, ¶¶ 4–5, 15, 23, 55, 62, 63–93.) This is insufficient. *Thomas*, 220 F.3d at 1139. Without a genuine, imminent warning or threat directed to the Plaintiffs from Ada County to initiate proceedings under Section 18–8705, this factor must weigh against the finding of a concrete and particularized injury in fact.

Plaintiffs attempt to imply that Prosecutor Bennetts threatens them with prosecution by alleging that the ACLU sent her a letter seeking essentially an advisory opinion regarding Section 18–8705, and that Prosecutor Bennetts did not respond. (Dkt. 1, ¶¶ 55–56.) However, Prosecutor Bennetts not writing back to the ACLU is not a threat to enforce the statute against the Plaintiffs. Plaintiffs have not alleged any action that Prosecutor Bennetts has taken whatsoever—let alone a threat or intent to enforce Section 18–8705—and they cannot imply that this non-action is action.

Nor can Plaintiffs claim that an unanswered ACLU letter constitutes a failure to disavow enforcement that weighs in their favor. Prosecutor Bennetts and Ada County have taken no action that they can disavow. They didn't promulgate Section 18–8705, they haven't issued an interpretation of Section 18–8705, and they haven't communicated a threat or intent to enforce Section 18–8705. To require a defendant to affirmatively disavow a state statute when the defendant has otherwise taken no action would be to shift the burden of proving an injury in fact from the plaintiff—whose burden it is, *Health Freedom Def. Fund*, 590 F. Supp. 3d at 1261–62—to the defendant, who must prove a negative.

Further, there is no constitutional or statutory duty for a county prosecutor to submit to the ACLU's demand for an advisory opinion. Plaintiffs cannot create such a duty, call it "disavowal," and make it mandatory on a defendant to prevent being sued. *See LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1155 (9th Cir. 2000) (explaining—in a case where officials directly threatened prosecution

under liquor laws—"we cannot go so far as to say that a plaintiff has standing whenever the Government refuses to rule out use of the challenged provision"). Prosecutor Bennetts' charging decisions are made on a case-by-case basis, in the context of concrete factual scenarios, based on the evidence. Until a concrete case is referred to her for a charging decision, Prosecutor Bennetts can take no action regarding Section 18–8705. Plaintiffs cannot require her, upon their written demand, to pre-determine charging decisions under penalty of being sued.

The lack of any allegation that Prosecutor Bennetts has taken any action is conclusive as to whether Plaintiffs have alleged a genuine, credible threat of imminent prosecution by the Ada County Prosecutor's Office. Without any such allegation, Plaintiffs are left with only the mere existence of a proscriptive statute and a generalized threat of prosecution, both of which are insufficient to meet the "case or controversy" requirement. *Thomas*, 220 F.3d at 1139. This important factor weighs against Plaintiffs having a concrete, non-hypothetical, and ripe injury in fact vis-à-vis Prosecutor Bennetts.

   **c.   Plaintiffs do not allege that Section 18–8705 has ever been enforced. (***Unified Data Servs.* **factor (c).)**

Although Section 18–8705 has been in effect for more than two years, Plaintiffs do not allege that Section 18–8705, the penalty section 18–8709, or even Section 18–5702 (enacted in 1972)—the statute the No Public Funds for Abortion Act cites for the criminal enforcement mechanism—have ever been enforced against anyone, let alone against a professor in an academic setting or by the Ada County Prosecutor's Office. Where Plaintiffs fail to allege that Section 18–8705 has been applied or threatened to be applied to them or anyone else, or that they have suffered any real or threatened injury at the hands of persons acting under the authority granted by

the statute, they have no standing to challenge the statute. *W. Min. Council*, 643 F.2d at 624. This

factor weighs against Plaintiff.

> **d.  The factors weigh against Plaintiffs and there is no "injury in fact" or standing to sue Prosecutor Bennetts.**

Plaintiffs have not alleged facts to show an "injury in fact". Plaintiffs do not allege an intent

to violate Section 18–8705 in Ada County. They have alleged no threat from Prosecutor Bennetts

or Ada County to initiate proceedings against them or anyone else. They do not allege that Section

18–8705 has ever been enforced. Plaintiffs' complaint fails to allege sufficient facts to meet

standing elements (1) and (2) under *Summers*, and therefore fails to allege standing to bring an

action against Prosecutor Bennetts.[4]

> **2.  To the extent Plaintiffs allege any threat of any harm, they trace this to the existence of Section 18–8705, not to any challenged action of Prosecutor Bennetts. (*Summers* element (3).)**

Plaintiffs do not have standing to sue Prosecutor Bennetts when their "injury is not 'fairly

traceable' to any 'allegedly unlawful conduct'" of hers. *California*, 141 S. Ct. at 2114 (quoting

*Allen v. Wright*, 468 U.S. 737, 751 (1984)). Plaintiffs "have not pointed to any way in which the

---

[4] This conclusion also supports a finding that this case should not be heard under the prudential considerations of ripeness. The absence of any real or imminent threat of criminal enforcement seriously undermines any claim of hardship to the plaintiff under the second *Abbott Laboratories* factor; on the other hand, by being forced to defend Section 18–8705 in a vacuum and in the absence of any particular "victims" of Section 18–8705's effects, Prosecutor Bennetts would suffer hardship were the Court to adjudicate this case now. *Thomas*, 220 F.3d at 1142 (applying the two factors in *Abbott Laboratories v. Gardner*, 387 U.S. 136, 149 (1967) (abrogated on other grounds).).

The lack of a concrete factual scenario, investigation, and body of evidence from which to make a discretionary charging decision further demonstrates how a claim against Prosecutor Bennetts is unripe. Since the Ada County Prosecutor's Office has never brought charges under Section 18–8705, "we have no idea how it will exercise its [prosecutorial] discretion or if it ever will. We simply do not know enough to evaluate this claim." *Freedom to Travel Campaign v. Newcomb*, 82 F.3d 1431, 1441 (9th Cir. 1996).

MEMORANDUM IN SUPPORT OF ADA COUNTY PROSECUTING ATTORNEY JAN M. BENNETTS' MOTION TO DISMISS– PAGE 10

defendant[], [Prosecutor Bennetts], will act to enforce [Section 18–8705]" and have not shown that her action or conduct has caused, or will cause, the injury they attribute to Section 18–8705. *Id.* (quoting *Allen*, 468 U.S. at 751). Plaintiffs cannot allege any causal connection between their alleged injury and conduct of Prosecutor Bennetts, *Lujan*, 504 U.S. at 560, when they do not allege that Prosecutor Bennetts has engaged in any conduct at all.

Instead of pointing to actions by Prosecutor Bennetts, Plaintiffs trace their alleged harm to the Legislature's actions and the existence of Section 18–8705—for example:

- "By enacting the NPFAA, the Idaho legislature has placed a 'strait jacket upon the intellectual leaders' of the State's public universities." (Dkt. 1, ¶ 3.)

- "The NPFAA . . . leaves Idaho's public university educators with an impossible—and unconstitutional—choice: avoid any speech that could be construed as favorable to abortion . . . or risk imprisonment, loss of livelihood, and financial ruin for violating the law." (Dkt. 1, ¶ 4.)

- "The NPFAA violates the First Amendment by banning academic speech that could be construed as supporting abortion at Idaho's public universities." (Dkt. 1, ¶ 6.)

- "The NPFAA also violates the Due Process Clause of the Fourteenth Amendment, which prohibits vague laws." (Dkt. 1, ¶ 7.)

- "The NPFAA . . . skews and suppresses academic inquiry and discussion about abortion at Idaho's public universities." (Dkt. 1, ¶ 62.)

- "Due to the NPFAA's restrictions on the use of public funds to 'promote' or 'counsel in favor of' abortion . . . professors at Idaho's public universities have made significant changes to their course content . . . ." (Dkt. 1, ¶ 63.)

MEMORANDUM IN SUPPORT OF ADA COUNTY PROSECUTING ATTORNEY JAN M. BENNETTS' MOTION TO DISMISS– PAGE 11

- "Because of the NPFAA, Professor Quinn substantially altered her 'Professional Ethics: Biomedical Ethics' course . . ." Dkt. 1, ¶ 64.)

- "Because she fears that assigning materials and moderating classroom discussion in the reproductive rights module may constitute promoting or counseling in favor of abortion under the NPFAA, Professor Johnson removed the option for students to choose reproductive rights as a module . . . ." (Dkt. 1, ¶ 67.)

- "Professor McBrayer has altered her classroom lectures and discussion in two of her political science courses due to the NPFAA." (Dkt. 1, ¶ 68.)

- "Professor Turpin has changed his approach to classroom discussion in his 'Introduction to Literary Genres' and 'Introduction to English Studies' courses because of the NPFAA." (Dkt. 1, ¶ 69.)

- "Professor Blevins has altered her approach to teaching and class discussion in her media studies courses in light of the NPFAA." (Dkt. 1, ¶ 71.)

- "[T]o avoid violating the NPFAA's proscription against promoting or counseling in favor of abortion, Professor Witt has removed this assignment . . . ." (Dkt. 1, ¶ 74.)

- "Due to the NPFAA, professors at Idaho's public universities have also made significant changes to how they approach student research and writing assignments . . . ." (Dkt. 1, ¶ 74.)

- "Because of the NPFAA, professors at Idaho's public universities have also changed their approach to scholarship on abortion or altered their promotion of their scholarship." (Dkt. 1, ¶ 87.)

- "The NPFAA violates the First Amendment by prohibiting Professor Plaintiffs, members of the Union Plaintiffs, and similarly situated individuals at Idaho's public universities from engaging in constitutionally protected speech . . . ." (Dkt. 1, ¶ 103.)

- "Because the NPFAA fails to provide fair notice to enable ordinary people to understand what speech the statute prohibits and invites arbitrary and discriminatory enforcement, the NPFAA is unconstitutionally vague and violates the Fourteenth Amendment . . . ." (Dkt. 1, ¶ 111.)

Having traced their alleged harm to the Idaho Legislature and the existence of Section 18–8705—and not to any action by Prosecutor Bennetts or Ada County—Plaintiffs lack standing to sue Prosecutor Bennetts in her official capacity.

### 3. A favorable decision against Prosecutor Bennetts will not redress Plaintiffs' alleged injuries. (*Summers* element (4).)

Plaintiffs' attribute their injuries to the existence of Section 18–8705 and not to any action or threat from Prosecutor Bennetts. Section 18–8705 won't go away through relief against a county prosecutor who has not taken any action, issued any threat, or communicated any intention to enforce Section 18–8705, and who serves only one county, Ada County, which did not pass the challenged state statute.

Plaintiffs' fears about future prosecution under Section 18–8705 by Prosecutor Bennetts are wholly speculative. An injunction preventing her from bringing a prosecution that Plaintiffs have not alleged she is likely to bring would be improper, even though Plaintiffs are self-censoring: they "cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending." *Clapper*, 568 U.S. at 416. Relief

against Prosecutor Bennetts would not redress the injury that Plaintiffs impose upon themselves based merely on their fears of hypothetical, future harm that Prosecutor Bennetts has done nothing to create.

### 4. Plaintiffs have failed to allege standing to sue Prosecutor Bennetts under *Summers*; therefore, she must be dismissed from this lawsuit.

Plaintiffs have failed to allege facts to satisfy *Summers* elements (1) and (2) because the balance of the *Unified Data Services* factors show that Plaintiffs are under no threat of suffering an "injury in fact" that is concrete and particularized, actual and imminent from Prosecutor Bennetts. They fail to allege facts that satisfy element (3) because they trace any alleged harm to the Idaho Legislature and the existence of Section 18–8705, and not to any challenged action of Prosecutor Bennetts. Plaintiffs fail to allege facts to satisfy element (4) because it is not likely that a favorable judicial decision against Prosecutor Bennetts will redress their alleged injury, which is based on speculated future harm and the mere existence of Section 18–8705. Because Plaintiffs lack standing to sue Prosecutor Bennetts and Ada County, the Court lacks jurisdiction under Article III to adjudicate Plaintiffs' claims against them. Prosecutor Bennetts, in her official capacity, should be dismissed from this lawsuit.

### B. Plaintiffs make no allegation against Prosecutor Bennetts or Ada County and neither has caused their alleged injury; they fail to state a claim under § 1983.

Plaintiffs brought their claims against Prosecutor Bennetts under § 1983. (Dkt. 1 ¶ 9.) A § 1983 cause of action requires the plaintiff to show that "(1) a person acting under color of State law; (2) subjects or causes to be subjected to deprivation; (3) a U.S. citizen or person in the jurisdiction of the United States; (4) of a right, privilege, or immunity secured by the Constitution and laws." *Chaudhry v. Aragon*, 68 F.4th 1161, 1169 (9th Cir. 2023). To establish the second

element, the plaintiff must demonstrate that the defendant's conduct was the actionable cause of the claimed injury; the defendant's action must be both the cause-in-fact and the proximate cause, or else there is no liability. *Id.* at 1169–70 (citing *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008); *Van Ort v. Est. of Stanewich*, 92 F.3d 831, 837 (9th Cir. 1996)).

The complaint makes no allegation that Prosecutor Bennetts has done anything at all, let alone anything that would subject the Plaintiffs to deprivation of a constitutional right.[5] Instead, the complaint alleges that the actionable cause of their injury is the Legislature passing Section 18–8705. (*E.g.*, dkt. 1, ¶¶ 4–5, 15, 23, 55, 62, 63–93, 101–11.).

To take a further step, Plaintiffs fail to make any allegation against Ada County—in whose shoes Plaintiffs have placed Prosecutor Bennetts by suing her in her official capacity. Suing a local government official in her official capacity is equivalent to suing the local government entity itself. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 n.55 (1978); *Olsen v. City of Boise, Idaho*, No. 1:20-CV-00478-DCN, 2022 WL 3042982, at *5 (D. Idaho Aug. 2, 2022); *Berglund v. Canyon Cnty., Idaho by & through Bd. of Cnty. Commissioners*, No. 1:19-CV-00396-CWD, 2020 WL 1066306, at *2 (D. Idaho Mar. 4, 2020). *See also Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) ("There is no longer a need to bring official-capacity actions against local government officials, for under *Monell*, *supra*, local government units can be sued directly for damages and injunctive or declaratory relief."); *Hillblom v. Cnty. of Fresno*, 539 F. Supp. 2d 1192, 1202–03 (E.D. Cal. 2008).

---

[5] Plaintiffs allege that Prosecutor Bennetts did not respond to an ACLU letter requesting she pre-determine a charging decision. Dkt. 1, ¶¶ 55–56. However, Plaintiffs do not allege that this violated any legal duty or caused them any injury. Instead, they consistently allege that their alleged injuries are "because of the NPFAA."

To satisfy § 1983's causation element as to Ada County—or Jan M. Bennetts sued in her official capacity as Ada County Prosecuting Attorney—a plaintiff must show that the "moving force behind the constitutional violation" is the implementation or execution of a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by" Ada County's officers. *Rivera v. Cnty. of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014) (quoting *Monell*, 436 U.S. at 690; *Edgerly v. City and Cnty. of San Francisco*, 599 F.3d 946, 960 (9th Cir.2010)).

But instead of alleging that Ada County's ordinances or regulations are the moving force behind the alleged constitutional violation, Plaintiffs allege that the moving force behind the alleged constitutional violations is the state statute they are facially challenging—for example:

- "Because the NPFAA imposes a broad, prospective, content-based, and viewpoint-based restriction on academic speech about abortion that inflicts harms that the Defendants cannot prove are outweighed by any impact on the actual operation of the government, the NPFAA violates the First Amendment to the U.S. Constitution." (Dkt. 1, ¶ 106.)

- "Because the NPFAA fails to provide fair notice to enable ordinary people to understand what speech the statute prohibits and invites arbitrary and discriminatory enforcement, the NPFAA is unconstitutionally vague and violates the Fourteenth Amendment to the U.S. Constitution." (Dkt. 1, ¶ 111.)

Whether they are correct or not on the merits of their facial challenge, Plaintiffs were correct in attributing the moving force of their alleged injury to the state statute they are facially challenging. However, Plaintiffs missed the mark by erroneously suing a locally elected County Prosecutor who is independent of the State government that passed the statute, and who serves only one county whose officers did not promulgate Section 18–8705. Nothing Prosecutor Bennetts

MEMORANDUM IN SUPPORT OF ADA COUNTY PROSECUTING ATTORNEY JAN M. BENNETTS' MOTION TO DISMISS– PAGE 16

nor Ada County did led to this lawsuit, and Plaintiffs' allegations of harm caused by the Legislature—and lack of allegations against Prosecutor Bennetts and Ada County—demonstrate just that. Because their actions were not the moving force behind the alleged constitutional violation, Prosecutor Bennetts, in her official capacity, should be dismissed from this lawsuit.

### C.  Prosecutor Bennetts is not a necessary party to this case.

All the relief Plaintiffs seek could be provided even if Prosecutor Bennetts were not a party to this lawsuit. If Section 18–8705 is invalidated or enforcement is enjoined statewide, that order will have statewide effect. Plaintiffs ask the court to:

> [d]eclare that the NPFAA violates the Fourteenth Amendment both on its face and as applied to the academic instruction, course content, classroom discussion, advising and grading of student research and writing, and academic scholarship of the Professor Plaintiffs, members of the Union Plaintiffs, and similarly situated individuals at Idaho's public universities.

(Dkt. 1, p. 32.) This is a request for statewide, facial invalidation. If their request were granted, it would prohibit Prosecutor Bennetts and Ada County—as well as any other State or local official or government entity—from enforcing Section 18–8705 against Plaintiffs "and similarly situated individuals." (Dkt. 1, p. 32.)[6] And this facial invalidation could happen without Prosecutor Bennetts being named as a defendant.

---

[6] These similarly situated individuals could include professors at other institutions of higher education in other counties across the state that are not plaintiffs in this case. Professors at Lewis-Clark State College, College of Eastern Idaho, College of Southern Idaho, College of Western Idaho, and North Idaho College would obtain the same relief that Plaintiffs request here without the necessity of suing the Nez Perce, Bonneville, Twin Falls, Canyon, or Kootenai County Prosecutors in their official capacities. Statewide, facial invalidation is possible without suing any county prosecutors.

**D. It is unfair to require Ada County taxpayers to bear an unfair share of the burden of this litigation.**

Plaintiffs facially challenge a state statute passed by a state legislature. Ada County has no authority to pass such a law. And yet, Plaintiffs have sued Prosecutor Bennetts, Ada County Prosecutor, in her official capacity and have thereby required Ada County to bear the burden of this litigation along with the State of Idaho—including Plaintiffs' threat of seeking attorney fees under 42 U.S.C. § 1988, dkt. 1, p. 38.

Ada County taxpayers are therefore required to pay double in a case challenging a state statute: they must fund the State's defense of the constitutionality of the statute along with a potential attorney fees award, and in the same lawsuit they must also fund the Ada County Prosecuting Attorney's Office's defense of Ada County along with a potential attorney fees award—although Plaintiffs have not alleged that Prosecutor Bennetts or Ada County have done anything at all to affect their constitutional rights. Where Prosecutor Bennetts has neither done nor threatened anything to affect Plaintiffs, fairness and judicial economy are served by Prosecutor Bennetts and Ada County being dismissed from this lawsuit.

## IV.    CONCLUSION

For reasons legal and practical, as explained, Plaintiffs' complaint should be dismissed as to Prosecutor Bennetts.

**DATED** this 26th day of October, 2023.

**JAN M. BENNETTS**
Ada County Prosecuting Attorney


By:    */s/ Dayton P. Reed*
       Dayton P. Reed
       Deputy Prosecuting Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of October, 2023, I served a true and correct copy of the foregoing *Memorandum in Support of Ada County Prosecuting Attorney Jan M. Bennetts' Motion to Dismiss* electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Alexia D. Korberg
Brad S. Karp
Dana Kennedy
Jackson Cory Yates
Jordan E. Orosz
Paul, Weiss, Rifkind, Wharton & Garrision
akorberg@paulweiss.com
bkarp@paulweiss.com
dkennedy@paulweiss.com
jyates@paulweiss.com
jorosz@paulweiss.com

Ariella C. Barel
Eric Alan Stone
Kyle N. Bersani
Philip S. May
Groombridge, Wu, Baughman & Stone
ariella.barel@groombridgewu.com
eric.stone@groombridgewu.com
kyle.bersani@groombridgewu.com
philip.may@groombridgewu.com

Casey Parsons
Richard Alan Eppink
Wrest Collective
casey@wrest.coop
ritchie@wrest.coop

Dina M. Flores-Brewer
ACLU of Idaho
dfloresbrewer@acluidaho.org

Leslie Jill Cooper
Li Nowlin-Sohl
Meredith Taylor Brown
American Civil Liberties Union Foundation
lcooper@aclu.org
lnowlin-sohl@aclu.org
tbrown@aclu.org

Joshua N. Turner
Brian Church
James E. M. Craig
Rafael J. Droz
Idaho Attorney General's Office
josh.turner@ag.idaho.gov
brian.church@ag.idaho.gov
james.craig@ag.idaho.gov
rafael.droz@ag.idaho.gov

Colleen Rosannah Smith
Stris & Maher
csmith@stris.com

Cortlin H. Lannin
D. Jean Veta
William Isasi
Covington & Burling, LLP
clannin@cov.com
jveta@cov.com
wisasi@cov.com

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated as follows:

N/A

By:    /s/ Chyvonne Tiedemann
          Legal Assistant